UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                      :

ANTHONY BATISTA,                    :
                                      :

                      Plaintiff,    :                     
                                      :                 24-cv-82 (VSB)

          - against -            :
                                      :         **OPINION & ORDER**

CONSOLIDATED EDISON OF NEW YORK,:
INC.,                                    :
                                      :

                      Defendant.  :
                                      :
------------------------------------------------------X

<u>Appearances</u>:

James Mermigis
Law Office of James Mermigis
Syosset, NY
*Counsel for Plaintiff*

Ivan A. Mendez , Jr.
Consolidated Edison Company of New York, Inc
New York, New York
*Counsel for Defendant*

<u>VERNON S. BRODERICK</u>, United States District Judge:

        Before me is Magistrate Judge Robyn F. Tarnofky's Report and Recommendation,

entered on January 22, 2025.  (Doc. 31 ("Report" or "R&R").)

## I.     **Procedural Background**

        On January 5, 2024, Plaintiff filed a complaint alleging employment discrimination and

retaliation under the Americans with Disabilities Act of 1990 ("ADA"), the New York State

Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

(Doc. 1.)  This case was assigned to Judge Jennifer H. Rearden.

On April 10, 2024, Defendant filed a motion to dismiss. (Doc. 11.) The motion to dismiss was accompanied by a memorandum of law and a declaration from counsel. (Docs. 12, 13.) On April 12, 2024, Judge Rearden granted Plaintiff leave to file an amended complaint and specifically warned: "Plaintiff will not be given any further opportunity to amend the Complaint to address issues raised by the motion to dismiss." (Doc. 14.) On May 1, 2024, Plaintiff filed an amended complaint. (Doc. 17.) On May 16, 2024, Defendant moved to dismiss. (Doc. 18.) On June 13, 2024, Plaintiff submitted an opposition brief. On July 9, 2024, Defendant replied. (Doc. 28.)

On January 22, 2025, Judge Tarnofsky issued a Report and Recommendation recommending that I dismiss Plaintiff's federal claims for failure to allege that Plaintiff had a disability or that he engaged in protected activity within the meaning of the Americans with Disabilities Act. (*See* R&R 9–10, 12.) Judge Tarnofsky also recommended I decline to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims. (*Id.* at 13.) Finally, Judge Tarnofsky recommended that I sua sponte grant leave to amend the operative complaint. (*Id.* at 15–17.) Neither party timely filed objections or timely sought an extension to file objections.

On February 6, 2025, Defendant filed objections to the Report one day after the deadline. (Doc. 32.) Defendant objects only to the portion of the Report recommending I grant Plaintiff leave to amend the operative complaint because (1) Plaintiff failed to cure its pleading deficiencies despite the prior motion to dismiss and (2) Judge Rearden had warned Plaintiff that he would not be provided another opportunity to amend. (*Id.* at 4.) Defense counsel also submitted a letter on February 6, 2025, explaining that Defendant's objections were filed late due to "an emergency involving one of [defense counsel's] children." (Doc. 35.) Plaintiff responded in a letter arguing that Defendant's objections are untimely and therefore waived, and that

Defendant failed to request an extension of time to file objections.  (Doc. 36.)

## II.    <u>Discussion</u>

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation, or that portion, for clear error.  *See Rodriguez v. Clearbrook Mgmt. Inc*., No. 22-CV-4442, 2023 WL 112756, at *1 (S.D.N.Y. Jan. 5, 2023); *Caballero v. Comm'r of Soc. Sec.*, No. 18-CV-7794, 2019 WL 2602849, at *1 (S.D.N.Y. June 25, 2019).  A "[c]ourt need not consider the merits of [a party's objections]" to a magistrate judge's report and recommendation because "'failure to object timely to a magistrate[ judge's] report operates as a waiver of any further judicial review of the magistrate's decision.'"  *Lithgow v. Keyser*, No. 21-CV-998, 2021 WL 4942824, at *1 (S.D.N.Y. Oct. 22, 2021) (quoting *Small v. Sec'y of Health & Huan Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

The Report noted:  "The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and recommendation."  (R&R at 19.)  Here, neither party timely objected to the Report or timely requested additional time to file objections.  I need not consider the merits of Defendant's

objection, even if it were late by only one day.  *See, e.g.*, *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517–18 (S.D.N.Y. 2013) (declining to consider objections filed one day late).

However, because Defendant objected only one day late due to defense counsel's family emergency, I review de novo Defendant's objection to Judge Tarnofsky's Report and Recommendation.  *See, e.g.*, *Eyck v. Lee*, No. 19-CV-6924, 2023 WL 5917564, at *1 (S.D.N.Y. Sept. 11, 2023) (reviewing objections de novo even though "objections were technically untimely" by one day).  Reviewing the Report de novo, I would grant Plaintiff leave to amend. Notably, the Report recommended dismissal of the ADA-retaliation claim for failure to allege protected activity.  (R&R 12.)  However, Defendant's memorandum of law in support of its prior motion to dismiss seemed to have conceded that Plaintiff's accommodation requests were protected activities.  (Doc. 12 at 14 (describing Plaintiff's "two accommodation requests" as his "lone protected activities").  Instead, Defendant's only argument regarding the retaliation claim was that there was no causal connection between the accommodation requests and his termination, which is a separate prong in the ADA-retaliation analysis.  (*Id.* at 12–15.)  Plaintiff thus was not on notice that the original complaint had potential pleading deficiencies regarding protected activity.  Accordingly, Judge Rearden's warning that Plaintiff would be precluded from the opportunity to further amend the complaint to "address issues raised by the motion to dismiss" is inapplicable because the issue of protected activity was not raised by the prior motion to dismiss.  (Doc. 14.)  In light of the underlying facts and the "permissive" and "liberal standard" for granting amendments, *see Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015), I would have overruled Defendant's objection and adopted that portion of the Report granting leave to amend.

Accordingly, I have reviewed Judge Tarnofsky's thorough and well-reasoned Report de novo and, after careful review, found no error.  Accordingly, I ADOPT the Report.

### III.    <u>Conclusion</u>

The Clerk of Court is respectfully directed to enter judgment per the terms stated in the Report and to close the open motion at docket entry 18.  In accordance with the Report's recommendation, Plaintiff shall file a second amended complaint within 30 days of this order.

SO ORDERED.

Dated: March 18, 2025
        New York, New York

Vernon S. Broderick
United States District Judge